JAMES K. LANE v. JAMES NEWTON SPENCE.

FILED NOVEMBER 5, 1903. No. 13,156.

Husband and Wife: ALIENATION OF AFFECTIONS: DAMAGES. In an action by a husband against his father-in-law for alienating the affections and enticing away the wife of the former, such damages

only are recoverable as are the natural and probable consequence of the act complained of, or are due to the negligence or wrongful conduct of the defendant connected therewith.

ERROR to the district court for Saline county: GEORGE W. STUBBS, JUDGE. *Reversed.*

*George H. Hastings, Fayette I. Foss* and *Ben V. Kohout,* for plaintiff in error.

*E. S. Abbott and Ray Abbott, contra.*

AMES, C.

This action was brought by the defendant in error, hereafter called plaintiff, against the plaintiff in error, James K. Lane, and Anna L. Cave and William Britton, to recover damages for having, as is alleged, alienated the affections of and enticed away the plaintiff's wife. Lane was the father of the wife, Mrs. Cave was her sister and Britton was her brother-in-law; and the wrong complained of was alleged to have been committed by "the defendants and each of them," but they are not explicitly accused of having acted in conspiracy, and counsel for the plaintiff disclaims an intent to charge conspiracy and says that the petition, properly interpreted, does not contain that charge or, in other words, allege that the parties acted in concert, although the conduct of each, of which complaint is made, was contemporaneous with that of the others. It is further alleged, and seems to have been proved on the trial, without contradiction, that the wife did leave her husband's home on the 14th day of August, 1901, being at that time about four months advanced in pregnancy, and did not thereafter return. The petition contains the following further allegation:

"That after the aforesaid enticing by the said defendants, and while the said Ada Mabel Spence was apart from her husband, as aforesaid, and under the control and direction of these defendants and each of them, an abortion was performed upon the person of the said Ada Mabel

Spence, just how, when and by whom, this plaintiff is not advised, which abortion was performed in such a rude and unskilful manner as to cause her death, as aforesaid, in the city of Lincoln, Nebraska, on the 24th day of October, 1901."

The answers, so far as they are pertinent to the present inquiry, consisted of general denials. A trial resulted in a verdict and judgment in favor of the defendants Cave and Britton; and in favor of the plaintiff, and against the defendant Lane, for damages. Lane alone prosecutes this proceeding in error. There was evidence offered and admitted as tending to show that Lane had been guilty of the conduct of which he was accused, the sufficiency of which we are not, however, at present called upon to consider, and there is also evidence tending to show that on or about the 20th day of October, 1901, the wife submitted, at Lincoln, Nebraska, to a criminal abortion from the results of which she died on the 24th day of that month.

One of the errors complained of is the admission of this evidence over objection, and we think the assignment is well made. It is neither alleged nor proved that the defendant, Lane, consented to, or had any knowledge of, this criminal act, or even knew of his daughter's pregnancy, and it is not contended by counsel for plaintiff that it, of itself, afforded him a cause of action, but it is urged that evidence of it is admissible in aggravation of the husband's damages for the enticing away of his wife, of which the jury have found the defendant guilty. If it could be said that the abortion was the natural and probable consequence of the act complained of, or that it was due to any negligent or wrongful conduct by the father towards his daughter while she was in his custody and after her separation from her husband, there would be much to be said in support of this contention. But there is no evidence of the latter, and we think no presumption in support of the former of these suppositions.

After the separation, the wife remained but briefly at her father's house, going thence to Beatrice, and from there

to some point in Rosebud Indian agency in South Dakota, and from the latter place to Lincoln, Nebraska, where the operation was performed, if at all—for the evidence is in conflict—immediately upon her arrival. She is not shown to have returned to the home of her father after leaving it as above mentioned, and he does not appear to have afterwards seen her in life, or to have communicated with her, except briefly, by telephone, while she was on her way to Lincoln. But this circumstance is not commented on in brief of counsel and was admitted, on oral argument, to be of little or no significance. There is therefore an entire absence of evidence that the criminal act of the wife, if she committed one, was induced by the negligence or wrongful conduct of her father and, as we have said, we do not see that such an act was the natural or probable consequence of her separation from her husband.

There are other alleged errors assigned, but as the foregoing is sufficient, in our opinion, to require a reversal, we do not think it necessary to discuss them.

It is recommended that the judgment of the district court be reversed and a new trial granted.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.